# THE ATTORNEY GENERAL
## OF TEXAS



AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. L. S. Johnson          Opinion No. 0-7232
Commissioner               Re: Construction of Article 1524a,
State Department of         Vernon's Cod.Rev.Civ.Stat., with
Banking                     respect to corporations subject to
Austin 14, Texas            supervision by the Banking Commis-
                            sioner and those subject to super-
Dear Mr. Johnson:           vision and examination.

   We beg to acknowledge receipt of your letter request-
ing an opinion from this department as follows:

   "We have recently been approached by the execu-
tive officer of a loan and brokerage company, which
company operates by law under the provisions of Ar-
ticle 1524a. This officer contends that his corpor-
ation is subject to examination by the Banking
Department and bases his contention upon the fact
that Attorney General's opinion No. 0-6947 so states.

   "This corporation is one whose year-end finan-
cial statement does not reflect any liability that
would be classifiable as the type which automati-
cally places themsubject to annual visitation for
examination purposes by this Department, as such
liabilities are defined by and treated in Attorney
General's opinion No. 0-5858.

   "We invite your attention to Attorney General's
opinion No. 0-6947 and to the antepenultimate para-
graph thereof, wherein you will observe that it is
stated that all corporations, domestic and foreign,
incorporated under subdivisions 48, 49 and 50 of
Article 1302 R.C.S. 1925 and Article 1303b V.A.C.S.
1925 are subject to examination by the Department of
Banking of the State of Texas.

   "In view of the provisions of Section 2 of Arti-
cle 1524a, V.A.C.S. 1925 upon which Attorney General's
opinion No. 0-5858 was in part based, we request a
clarification of the above quoted expression in Opin-
ion No. 0-6947 which apparently does not differentiate
between corporations subject to supervision and those
subject to supervision and examination."

Article 1524a of Vernon's Codification of the Revised Civil Statutes, commonly known as the "Loan and Brokerage Companies' Act", specifically dealing with the question of examination by your department of such corporations, provides in Section 2 as follows:

"The Banking Commissioner of Texas shall examine or cause to be examined such corporations annually or oftener if he deems it necessary. Said corporation shall pay the actual traveling expenses, hotel bills, and all other actual expense incident to such examination and a fee not exceeding Twenty-five Dollars ($25) per day per person engaged in such examination. If such corporation had not sold in Texas its bonds, notes, certificates, debentures, or other obligations and does not offer for sale or sell in Texas its bonds, notes, certificates, debentures or other obligations, the Banking Commissioner of Texas, in lieu of an examination shall accept a financial statement made on such form, containing such information as he desires. * * *"

It will be observed that such a corporation, which has "not sold in Texas its bonds, notes, certificates, debentures, or other obligations, and does not offer for sale or sell in Texas its bonds, notes, certificates, debentures, or other obligations", is not subject to examination by the Banking Commissioner. All such corporations in a general way are subject to the supervision of the Banking Commissioner, but only the class having sold or offered for sale, the instruments mentioned above in Texas is subject to actual visitation or examination.

Our Opinion No. O-6947 referred to by you does not announce any different rule. The language referred to by you in that opinion is as follows:

"'Sec. 10. The provisions of this Act shall apply to foreign corporations who have heretofore been granted permission to do business in Texas and who may hereafter be granted permission to do business in Texas and having as their purpose or purposes any part of the provisions set out in Section One of this Act. Every foreign corporation having such a permit to do business in this State shall be subject to the examination of the Banking Commissioner of Texas in the same manner and under the same terms and conditions as examination of domestic corporations. . . .'

"By the terms of the foregoing legislative en-
actments and particularly the 1945 amendment to Ar-
ticle 6165a, supra, both domestic and foreign cor-
porations incorporated under subdivisions 48, 49 and
50, Article 1302, R.C.S., 1925, and Article 1303b,
V.A.C.S., 1925, are subject to examination by the
Department of Banking of the State of Texas, and
hence do not come within the definition of loan
broker as defined in Article 6165a, V.A.C.S., 1925."

When the entire quotation is considered, it is clear
the writer of the opinion was not dealing with the narrow field
of examination by the Commissioner, as contradistinguished from
supervision of such concerns, but on the contrary he meant mere-
ly to assert that such corporations doing business in Texas un-
der permit were subject to examination of the Banking Commission-
er as such corporations organized under the laws of Texas. We
have seen that by that test these corporations are all subject
to supervision, but not all of them are subject to examination.

It follows from what we have said that the executive
officer mentioned by you is in error.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer
Ocie Speer, Assistant

APPROVED NOV 1, 1946
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

OS-MR:wb